# CIRCUIT COURT OF ARLINGTON COUNTY

Bullock

v.

Bullock

September 24, 2001

Case No. (Chancery) 97-783

BY JUDGE JOANNE F. ALPER

This Court has received and reviewed Ms. Masri's Motion for Attorney's Fees and Mr. Vaughn's response thereto. It should be noted that Ms. Masri's motion does not contain a specific monetary request for fees; rather it just sets forth factual assertions for her request for a hearing on her claim for attorneys' fees.

This case came before the Court on Mr. Bullock's petition for change of custody of the parties' minor child, Paul, Jr. His initial petition requested the award of attorney's fees for Mr. Bullock, as well as the other relief relating to custody and visitation. Counsel for Mrs. Bullock filed no responsive pleading; hence, no formal or written request was made for an award of counsel fees.

At the conclusion of the evidence, the Court denied the request for change of custody but granted some modifications to the visitation schedule. Ms. Masri orally moved for an award of attorney's fees, to which Mr. Vaughn objected based on a lack of notice and the fact it had not been specifically requested previously and, therefore, there had been no discovery or other attention directed to such a claim. The Court instructed Ms. Masri to file a petition setting forth both the basis upon which she was making the claim for the first time, as well as a statement of the amounts claimed for fees. Although counsel for Ms. Bullock filed a motion for attorney's fees, as stated above, she addressed the issue of entitlement to the claim but failed to provide any statement or breakdown of the amount of the claim. Mr. Vaughn's opposition is based on the lack of any prior notice of any claim for attorney's fees.

438

The Court believes that the failure to file a pleading putting the other side on notice of a claim for attorney's fees bars Ms. Bullock from making that claim at this time. Rule 1:4(d) of the Rules of the Supreme Court of Virginia, which clearly applies to all pleadings, not simply an initial Motion for Judgment or Bill of Complaint in equity, requires that a pleading "clearly inform the opposite party of the true nature of the claim or defense." Since counsel for Ms. Bullock failed to file any pleading notifying the opposite party of her claim for attorney's fees, she may not now make that request. Accordingly, Ms. Bullock's request for an award of attorney's fees in this matter is denied.